```
LAW OFFICE OF ARNE J. NELSON
ARNE J. NELSON, BN 152375
110 Sutter Street, Suite 400
San Francisco, CA 94104-4014
Telephone 415-398-7200
Facsimile 415-398-7402
arne@ajnlaw.com

Attorneys for Plaintiff
SONJA M. CLEMENTS

Appearing pro hac vice
CAROLYN M. LATTI
DAVID F. ANDERSON
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
Telephone 617-523-1000
Facsimile 617-523-7394
clatti@lattianderson.com
danderson@lattianderson.com

Attorneys for the Plaintiff
SONJA M. CLEMENTS
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 08 2598 EMC

| | |
|---|---|
| SONJA M. CLEMENTS,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES (PERSONAL INJURY)**<br><br>[Public Vessels Act, 46 U.S.C. § 31101 et seq.]<br>[Suits and Admiralty Act, 46 U.S.C. § 30901 et seq]<br>[Jones Act, 46 U.S.C., § 30104 et. seq.]<br>[Unseaworthiness]<br>[Maintenance and Cure]<br>[General Maritime Law] |

### PLAINTIFF'S COMPLAINT

Now comes the Plaintiff, SONJA M. CLEMENTS, in the above-entitled matter and for her complaint states:

COMPLAINT FOR DAMAGES (Personal Injury)                                                                 Page 1

## General Factual Allegations

1. The Plaintiff, SONJA M. CLEMENTS, is a resident of Freeport, Walton County, State of Florida.

2. The UNITED STATES OF AMERICA is a sovereign state which pursuant to 46 U.S.C. § 30901 et seq. and 46 U.S.C. § 31101 et seq. has consented to be sued.

3. On or about June 2, 2007, the Defendant, UNITED STATES OF AMERICA, owned the M/V CAPE HENRY which was and is a public vessel of the UNITED STATES OF AMERICA.

4. On or about June 2, 2007, pursuant to contract with the Defendant, UNITED STATES OF AMERICA, PACIFIC-GULF MARINE was ship manager of the M/V CAPE HENRY.

5. As of May 16, 2008, the M/V CAPE HENRY is at permanent berth at Pier 96 in the Port of San Francisco, California.

6. On or about June 2, 2007, the Plaintiff, SONJA M. CLEMENTS, was employed by the Defendant, the UNITED STATES OF AMERICA'S ship manager PACIFIC-GULF MARINE, INC.

7. On or about June 2, 2007, the Plaintiff, SONJA M. CLEMENTS, was employed by the Defendant, the UNITED STATES OF AMERICA'S ship manager, PACIFIC-GULF MARINE, INC., as a seaman, and a member of the crew of the M/V CAPE HENRY.

8. On or about June 2, 2007, UNITED STATES OF AMERICA operated the M/V CAPE HENRY.

9. On or about June 2, 2007, the Defendant, the UNITED STATES OF AMERICA, or the Defendant's agents, servants, and/or employees, controlled the M/V CAPE HENRY.

10. On or about June 2, 2007, the M/V CAPE HENRY was in navigable waters.

11. On or about June 2, 2007, while in the in the performance of her duties in the service of the M/V CAPE HENRY, the Plaintiff, SONJA M. CLEMENTS, sustained personal injuries.

12. Prior to and at the time she sustained the above-mentioned personal injuries, the Plaintiff, SONJA M. CLEMENTS, was exercising due care.

13. On January 10, 2008, pursuant to 50 U.S.C. Appendix, § 1291(a) and the provisions of 46 C.F.R. § 327.4, § 327.5, Plaintiff properly presented to the Chief, Division of Marine Insurance for the United States Maritime Administrative (MARAD) and to its ship manager, PACIFIC-GULF MARINE, INC. a claim letter/notice letter that complied with all the requirements of 46 C.F.R. Part 327.4, 327.5.

14. Upon information and belief, said notice/claim letter was received by MARAD on January 16, 2008 and by PACIFIC-GULF MARINE, INC. on January 16, 2008.

15. Since no notice of denial of the claim from MARAD was ever received by Plaintiff, SONJA M. CLEMENTS and 60 days have elapsed since the receipt of the claim/notice letter, said claim was administratively denied pursuant to 46 C.F.R. § 327.7.

### Jurisdiction & Venue

16. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §30104, 28 U.S.C. §1331, 28 U.S.C. §1333, the Suits in Admiralty Act, 46 U.S.C. § 30901 et seq. and Public Vessels Act, 46 U.S.C. § 31101 et seq.

17. Pursuant to 46 U.S.C. § 31104 and 46 U.S.C. § 30906, venue is proper since the M/V CAPE HENRY, is at permanent berth within this district.

### COUNT I

### SONJA M. CLEMENTS v. UNITED STATES OF AMERICA

### (JONES ACT NEGLIGENCE)

18. The Plaintiff, SONJA M. CLEMENTS, reiterates the allegations set forth in paragraphs 1 through 17 above.

19. The personal injuries sustained by the Plaintiff, SONJA M. CLEMENTS, were not caused by any fault on her part but were caused by the negligence of the Defendant, its manager, agents, servants and/or employees and/or Pacific-Gulf Marine, Inc agents, servants and/or employees.

20. As a result of said injuries, the Plaintiff, SONJA M. CLEMENTS, has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

21. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, SONJA M. CLEMENTS, demands judgment against the Defendant, UNITED STATES OF AMERICA, in an amount to be determined by the Court together with interest and costs.

## COUNT II

### SONJA M. CLEMENTS v. UNITED STATES OF AMERICA

### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

22. The Plaintiff, SONJA M. CLEMENTS, reiterates the allegations set forth in paragraphs 1 through 17 above.

23. The personal injuries sustained by the Plaintiff, SONJA M. CLEMENTS, were due to no fault of hers, but were caused by the Unseaworthiness of the M/V CAPE HENRY.

24. As a result of said injuries, the Plaintiff, SONJA M. CLEMENTS has, suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

25. This cause of action is brought under the General Maritime Law for Unseaworthiness.

WHEREFORE, the Plaintiff, SONJA M. CLEMENTS, demands judgment against the Defendant, UNITED STATES OF AMERICA, in the amount to be determined by the Court together with interest and costs.

## COUNT III

### SONJA M. CLEMENTS v. UNITED STATES OF AMERICA

### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

26. The Plaintiff, SONJA M. CLEMENTS, reiterates all of the allegations set forth in Paragraphs 1 through 17 above.

27. As a result of the personal injuries described in paragraph 9 above, the Plaintiff, SONJA M. CLEMENTS, has incurred and will continue to incur expenses for her maintenance and cure.

WHEREFORE, the Plaintiff, SONJA M. CLEMENTS, demands judgment against the Defendant, UNITED STATES OF AMERICA, in the amount to be determined by the Court, together with costs and interest.

## COUNT IV

### SONJA M. CLEMENTS vs. UNITED STATES OF AMERICA

### (GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE and CURE)

28. The Plaintiff, SONJA M. CLEMENTS, reiterates the allegations set forth in paragraphs 1 through 17 above.

29. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, SONJA M. CLEMENTS, has incurred and will continue to incur expenses for her maintenance and cure.

30. The Plaintiff, SONJA M. CLEMENTS, has made demand upon the Defendant's manager Pacific-Gulf Marine, Inc, for the provision of maintenance and cure.

31. The Defendant, UNITED STATES OF AMERICA, has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with maintenance and cure in a timely and adequate manner.

//
//
//
//
//
//
//

32. As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from her usual work and pursuits, medical and hospital expenses, attorneys fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, SONJA M. CLEMENTS, demands judgment against the Defendant, UNITED STATES OF AMERICA, in an amount to be determined by the Court, together with costs, interest, and reasonable attorneys' fees.

Respectfully submitted for the the Plaintiff, SONJA M. CLEMENTS, by her attorneys,

Dated: May 21, 2008

LAW OFFICES OF ARNE J. NELSON
ARNE J. NELSON, BN 152375
110 Sutter Street, Suite 400
San Francisco, CA 94104-4014
Telephone 415-398-7200
Facsimile 415-398-7402
arne@ajnlaw.com

To be appearing pro hac vice

CAROLYN M. LATTI, ESQ.
DAVID F. ANDERSON, ESQ.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000