1  GREGORY G. KATSAS
   Acting Assistant Attorney General
2  JOSEPH P. RUSSONIELLO
   United States Attorney
3  R. MICHAEL UNDERHILL
   Attorney in Charge, West Coast Office
4  Torts Branch, Civil Division
   R. SCOTT BLAZE
5  Senior Admiralty Counsel
   Torts Branch, Civil Division
6  U.S. Department of Justice
   7-5395 Federal Bldg., P.O. Box 36028
7  450 Golden Gate Avenue
   San Francisco, California  94102-3463
8  Telephone:  (415) 436-6635
   E-mail: scott.blaze@usdoj.gov
9
   Attorneys for Defendant
10 United States of America

11              UNITED STATES DISTRICT COURT

12           NORTHERN DISTRICT OF CALIFORNIA

13 SONJA M. CLEMENTS,                ) Civil No. C-08-2598-EMC
                                     )
14              Plaintiff,           ) In Admiralty
                                     )
15       v.                          )
                                     )
16 UNITED STATES OF AMERICA,         ) ANSWER OF DEFENDANT, UNITED
                                     ) STATES OF AMERICA,
17              Defendant.           ) TO PLAINTIFF'S COMPLAINT
   ——————————————————————————————   )
18

19       For its answer to plaintiff's complaint, the United States admits, denies and otherwise

   responds as follows:

20

21       1.      Denies the allegations of paragraph 1 for lack of knowledge or information

   sufficient to form a belief as to the truth thereof .

22

23       2.      Denies every allegation of paragraph 2, except admits that this is an admiralty

24 and maritime claim within the meaning of Rule 9(h) of the Fed.R.Civ.P. and that the United

   States is a sovereign which has consented to be sued, if at all, solely pursuant to the terms

25

26 and conditions of the Clarification Act, 50 App. U.S.C.A. §1291, incorporating the consistent

27

provisions of the Suits in Admiralty Act, 46 U.S.C. §§ 30901-30918.  If any allegations of this paragraph are deemed to be of material fact, they are denied.

3.    Admits that the United States owned the M/V CAPE HENRY, a public vessel of the United States, on or about June 2, 2007.

4.    Admits the allegations of paragraph 4.

5.    Admits that as of May 16, 2008, M/V CAPE HENRY was berthed in San Francisco, California.  Denies all remaining allegations of Paragraph 5.

6.    Admits the allegations of paragraph 6.

7.    Admits the allegations of paragraph 7.

8.    Denies the allegations of paragraph 8.

9.    Denies the allegations of paragraph 9.

10.    Admits the allegations of paragraph 10.

11.    Denies the allegations of paragraph 11.

12.    Denies the allegations of paragraph 12.

13.    Admits that plaintiff's counsel, Carolyn Latti,  submitted a letter to the Maritime Administration dated January 10, 2008 entitled "presentation of claim."  Denies the allegations concerning Pacific-Gulf Marine for lack of information or knowledge.  The remaining allegations of paragraph 13 contain conclusions of law to which no response is required.  To the extent they are deemed to contain allegations of material fact, they are denied.

14.    Admits the Maritime administration received a letter from Carolyn Latti, dated January 10, on January 16, 2008.  Denies the allegations concerning Pacific-Gulf Marine for lack of information or knowledge.  Denies for lack of information or knowledge the remaining allegations of paragraph 14.

15.    The allegations of paragraph 15 contain conclusions of law to which no response is required.  To the extent they are deemed to contain allegations of material fact,

1    they are denied.

2    16.    Denies every allegation of paragraph 16, except admits that this is an admiralty

3    and maritime claim within the meaning of Rule 9(h) of the Fed.R.Civ.P. and that the United

4    States is a sovereign which has consented to be sued, if at all, solely pursuant to the terms

5    and conditions of the Clarification Act, 50 App. U.S.C.A. §1291, incorporating the consistent

6    provisions of the Suits in Admiralty Act, 46 U.S.C. §§ 30901-30918.  If any allegations of

7    this paragraph are deemed to be of material fact, they are denied.

8    17.    The allegations of paragraph 17 contain conclusions of law to which no

9    response is required.  To the extent they are deemed to contain allegations of material fact,

10    they are denied.

11    COUNT I

12    18.    The United States reasserts and repeats the responses to each of the foregoing

13    paragraphs as though fully set out herein.

14    19.    Denies the allegations of paragraph 19.

15    20.    Denies the allegations of paragraph 20.

16    21.    The allegations of paragraph 21 contain conclusions of law to which no

17    response is required.  To the extent they are deemed to contain allegations of material fact,

18    they are denied.

19    COUNT II

20    22.    The United States reasserts and repeats the responses to each of the foregoing

21    paragraphs as though fully set out herein.

22    23.    Denies the allegations of paragraph 23.

23    24.    Denies the allegations of paragraph 24

24    25.    The allegations of paragraph 25 contain conclusions of law to which no

25    response is required.  To the extent they are deemed to contain allegations of material fact,

26    they are denied.

27

28    ANSWER OF DEFENDANT, USA,
TO PLAINTIFF'S COMPLAINT                    3                    Case No. C08-2598 EMC

COUNT III

26.     The United States reasserts and repeats the responses to each of the foregoing paragraphs as though fully set out herein.

27.     Denies the allegations of paragraph 27.

COUNT IV

28.     The United States reasserts and repeats the responses to each of the foregoing paragraphs as though fully set out herein.

29.     Denies the allegations of paragraph 29.

30.     Denies the allegations of paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

31.     Denies the allegations of paragraph 31.

32.     Denies the allegations of paragraph 32.

FIRST AFFIRMATIVE DEFENSE

33.     The complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

34.     Any damages or injuries plaintiff alleges to have sustained, which are denied by defendant United States, were not caused by any act or omission on the part of United States, its vessel, crew, servants, employees, agents, persons or entities for whose acts it is responsible; rather such alleged injuries or damages were caused by persons or entities for whose acts the United States is not responsible, including, but not limited to, plaintiff's supervisor(s) and his employer.

THIRD AFFIRMATIVE DEFENSE

35.     If plaintiff sustained damages or injuries as a result of matters alleged in his complaint, which is denied,  those damages or injuries were caused in whole or in part by the negligence and fault of plaintiff and were not caused or contributed to in any manner by any negligence, fault or breach of duty on the part of defendant United States, its agents, servants,

ANSWER OF DEFENDANT, USA,
TO PLAINTIFF'S COMPLAINT

4

Case No. C08-2598 EMC

1 | employees, crew, vessel or others for whom it is responsible.

2 | FOURTH AFFIRMATIVE DEFENSE

3 |      36.    This court lacks subject matter jurisdiction over plaintiff's action based on the

4 | doctrine of separation of powers.  Any acts or omissions by or in behalf of the United States

5 | which plaintiff alleges caused or contributed to his alleged injuries or damages were

6 | discretionary in nature and not reviewable by this Court.

7 | FIFTH AFFIRMATIVE DEFENSE

8 |      37.    This court lacks subject matter jurisdiction over plaintiff's action based on

9 | plaintiff's failure to comply with the jurisdictional conditions for applicable waivers of

10 | sovereign immunity.

11 | SIXTH AFFIRMATIVE DEFENSE

12 |      38.    Plaintiff has failed to mitigate her damages, if any.

13 | SEVENTH AFFIRMATIVE DEFENSE

14 |      39.    Plaintiff is not entitled to attorneys fees.

15 | EIGHTH AFFIRMATIVE DEFENSE

16 |      40.    Plaintiff is not entitled to interest except in strict in compliance with any

17 | applicable waiver of sovereign immunity.

18 | NINTH AFFIRMATIVE DEFENSE

19 |      41.    Plaintiff has failed to assert facts sufficient to establish proper venue.

20 | / / /

21 | / / /

22 | / / /

23 | / / /

24 | / / /

25 | / / /

26 | / / /

27 |

28 | ANSWER OF DEFENDANT, USA,
TO PLAINTIFF'S COMPLAINT

Case No. C08-2598 EMC

1    WHEREFORE, the United States prays that plaintiff's complaint against it be

2  dismissed with prejudice, with costs, fees and expenses awarded to the United

3  States, and for such further relief as this Court may deem appropriate.

4
   Dated: August ___4___, 2008.          GREGORY G. KATSAS
5                                         Acting Assistant Attorney General
                                          JOSEPH P. RUSSONIELLO
6                                         United States Attorney
                                          R. MICHAEL UNDERHILL
7                                         Attorney in Charge, West Coast Office
                                          Torts Branch, Civil Division
8

9                                         s/R. Scott Blaze

10                                        _____
                                          R. SCOTT BLAZE
11                                        Senior Admiralty Counsel
                                          Torts Branch, Civil Division
                                          U.S. Department of Justice
12
                                          Attorneys for Defendant
13                                        United States of America

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  ANSWER OF DEFENDANT, USA,                    6            Case No. C08-2598 EMC
    TO PLAINTIFF'S COMPLAINT

1

2

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the forgoing ANSWER OF DEFENDANT, UNITED STATES OF AMERICA, TO PLAINTIFF'S COMPLAINT was served on the following at their last known addresses:


Served Electronically through CM/ECF:

| | | |
|---|---|---|
| Carolyn May Latti | clatti@lattianderson.com | August ___4___, 2008 |
| David French Anderson | danderson@lattianderson.com | August ___4___, 2008 |
| Samuel Lasser | samlasser@hotmail.com | August ___4___, 2008 |

Served by First Class Mail:

Arne J. Nelson
Law Offices of Arne J. Nelson
110 Sutter Street, Suite 400
San Francisco, CA 94104                                                  August ___4___, 2008



                                   s/R. Scott Blaze
                        _____
                                   R. SCOTT BLAZE